UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JACKSON C. JONES                              CIVIL ACTION NO. 05-1632

versus                                         JUDGE STAGG

MIKE STAYNER, ET AL.                          MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**[1]

**Introduction**

Jackson Jones ("Plaintiff") filed this pro se civil action against the City of Shreveport and three city officials. He asserts claims for various benefits related to an injury he allegedly suffered in 2001 while employed by the City. He also asserts a number of employment discrimination claims. Before the court is an Exception for Vagueness, Ambiguity, Lack of Subject Matter Jurisdiction, Res Judicata and Prescription (Doc. 12) that the Clerk of Court docketed as a motion to dismiss. Exceptions may be a proper procedural vehicle in state court, but, in federal court, a motion to dismiss or motion for summary judgment would be the appropriate means of asserting the defenses raised in Defendants' submission.

Extra-complaint evidence is attached to the motion, so the undersigned will treat it as a motion for summary judgment. To the extent Plaintiff wishes to contest the facts set forth in the attachments to the motion/exception, he may file his own competent summary

---

[1] This decision is not intended for print or electronic commercial publication.

judgment evidence within the ten day period that follows this Report and Recommendation, thus satisfying the ten-day notice requirement of Fed. R. Civ. P. 56(c).

Plaintiff's complaint raises a number of claims and is often difficult to decipher. The undersigned has afforded a fair reading to the complaint and the amendment (Doc. 8) and will address below several of the claims asserted. Some of the claims should be dismissed, but others should remain for resolution through other means.

**Motion for More Definite Statement**

Defendants' exception of vagueness is in the nature of a motion for more definite statement. Rule 12(e) provides that a party may move for a more definite statement before filing a responsive pleading if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." This does not mean that a plaintiff must plead in his complaint every date, person, event and other fact that must be proved to obtain a favorable judgment. Instead, the federal rules merely require "notice pleading." Rule 8(a)(2) requires a short and plain statement of the claim that will give the defendant "notice as to what the plaintiff's claim is and upon which grounds it rests." Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126-130 (5th Cir. 1959).

Rule 12(e) should not be used to frustrate the notice pleading policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss. Mitchell, 269 F.2d at 132. Similarly, a motion for more definite statement will not be granted when a moving party can reasonably respond to the complaint,

but merely wants the plaintiff to plead additional information that could and should be gained through discovery. Id. See also Newcourt Leasing Corp. v. Regional Bio-clinical Laboratory, Inc., 2000 WL 134700 (E.D. La. 2000); Brown v. Maxxam, Inc., 1991 WL 13918 (E.D. La. 1991).

Plaintiff's complaint and amendment are not well written, but the undersigned has been able to adequately interpret the pleadings to address them in this Report and Recommendation, so the defendants should be able to prepare a mere answer. Defendants may explore through discovery and challenge by motion practice any areas of the pleadings about which they are not clear. Practically speaking, any order that Plaintiff amend his complaint again in an effort to achieve a more definite statement is unlikely to achieve that goal; Plaintiff's submissions thus far are all of a similar nature.

**Worker's Compensation**

Plaintiff alleges that he was employed by the City as a mechanical inspector when, during the course and scope of his employment, he was involved in a car accident and was injured. The accident allegedly happened in June 2001. Defendants submit a copy of a judgment issued by the Office of Workers' Compensation Administration in July 2003 that granted summary judgment for the City and rejected Plaintiff's claims. Defendants have not submitted, however, anything beyond that bare bones judgment to establish that the claims asserted in that proceeding are the same as the claims asserted in this case.

Defendants' omission may prevent a ruling in their favor on the *res judicata* defense at this time, but it does not prevent the court from dismissing the claim for workers' compensation benefits. The OWC has original, exclusive jurisdiction over all claims for benefits. La.R.S. 23:1310.3(E); Burns v. Apache Corp., 902 So.2d 1160 (La. App. 2d Cir. 2005). The claim for workers' compensation benefits should be dismissed.

**LHWCA Benefits**

Plaintiff alleges that on the day of his car accident he was performing inspection work on the Harrah's Casino riverboat when he received a radio dispatcher call for an emergency inspection across town. Plaintiff was allegedly on his way to that job when he was injured. He seeks benefits available to maritime workers.

Defendants have submitted copies of decisions by an Administrative Law Judge with the U. S. Dept. of Labor regarding a claim filed by Plaintiff for benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"). The City, in the agency proceeding, moved for dismissal of the claim based on prescription and, in the alternative, Plaintiff's failure to satisfy the situs and status requirements for coverage under the Act. Plaintiff did not respond to the motion as ordered, and the ALJ dismissed the claim in May 2004 based on the applicable one-year prescriptive period.

Plaintiff moved for reconsideration. The ALJ issued a new decision that reasoned there were issues concerning possible tolling of the prescriptive period, but dismissal was

warranted for failure of Plaintiff to satisfy the status and situs tests. The ALJ issued a reasoned, written decision that applied Fifth Circuit precedent to support the conclusion.

The LHWCA provides relief for land-based maritime workers who are injured. The Act excludes coverage for a seaman, who is able to seek remedies under the Jones Act and other provisions of law. An injured maritime worker may be entitled to compensation under one regime or the other, but he is not entitled to both. Voight v. R L. Eldridge Construction, Inc., __ F.Supp. 2d __, 2006 WL 318818 (E. D. Tex. 2006).

Congress enacted a procedural system for adjudication and review of claims by land-based maritime workers under the LHWCA. The first level of hearing is before an ALJ, and appeals may be filed to the Benefits Review Board, and eventually to the Court of Appeals. 33 U.S.C. §§ 919 and 921. "Thus, federal trial courts lack original subject-matter jurisdiction to resolve claims under the LHWCA." Voight, supra. Plaintiff's attempt to relitigate his unsuccessful LHWCA claim in this court faces a number of obstacles, but a lack of subject matter jurisdiction is sufficient to justify dismissal.

**Maritime Law Claims**

Plaintiff invokes a plethora of other claims for damages or relief that are dependent upon his alleged seaman status (which is inconsistent with a claim for LHWCA benefits). The ALJ found that Plaintiff was not even engaged in maritime employment, and that decision appears to be sound. To be a seaman requires an even closer connection to maritime

work and a vessel, and Plaintiff has not alleged sufficient facts to permit or warrant further exploration of the issue.

The existence of a vessel is at the core of the test for seaman status. Holmes v. Atlantic Sounding Co., Inc., 437 F.3d 441, 446 (5th Cir. 2006). A water-borne structure must be practically capable of being used for transportation on navigable waters to be a vessel. Id. at 448. Judge Stagg held in McAdow v. Promus Companies, Inc., 926 F.Supp. 93 (W. D. La 1996) that the original Harrah's riverboat that was moored in the same coffer cell as the boat at issue in this case was not a vessel. The boat was Coast Guard certified and had some resemblance to a vessel, but it was not used for transportation of cargo or passengers and remained in its coffer cell, where it was hardwired to shore-side utilities such as electricity, sewer and telephone. The replacement boat at issue in this case has (to the knowledge of the court) been similarly moored in the coffer cell since its arrival in Shreveport and has never been used to transport passengers or cargo. A boat's "transportation function" is the key to determining its status, and when transportation is merely incidental to the craft's primary purpose, the Fifth Circuit has consistently held that the craft is not a vessel. Holmes, 437 F.3d at 446. The Supreme Court, as explained in Holmes, has recently modified the test for vessel status, but practical capability of maritime transportation remains the key factor. The craft at issue is not practically capable of transportation, so it is not a vessel and Plaintiff is not a seaman.

Even if the craft were a vessel, an employee is not a seaman unless his duties contribute to the function of the vessel or to the accomplishment of its mission. He must also have a connection to a vessel in navigation that is substantial in both duration and nature. Chandris, Inc. v. Latsis, 115 S.Ct. 2172 (1995). The Fifth Circuit's rule of thumb is that a worker who spends less than thirty percent of his time working on a vessel does not qualify as a seaman. Voight, supra. This issue is ordinarily decided on summary judgment or a more developed record, but Plaintiff's complaint makes clear that he was a city inspector who performed a number of inspection tasks for the city. Plaintiff specifically alleges that he performed daily routine inspections of railroad crossings, tank cars and other land-based work. There is no indication that Plaintiff's inspection of the riverboat was more than one task among many land-based assignments performed by Plaintiff. The fleeting connection between the accident and the boat does not establish an adequate connection for seaman status and any related benefits or causes of action.

**HIPAA; Invasion of Privacy**

Plaintiff alleged in the final paragraph of his complaint that Defendant Mike Stayner violated HIPAA and invaded his right to privacy when Stayner's wife stole medical records from an attorney's office. Plaintiff elaborates on this a bit in his opposition (Doc. 18, pp. 7-8), and he indicates that the event happened in June 2001.

Courts and legal commentators have consistently rejected the contention that HIPAA creates a private right of action that could be enforced by Plaintiff. See Cassidy v. Nicolo, 2005 WL 3334523 (W. D. N.Y. 2005) (collecting authorities). Any Louisiana tort claim

based on the incident is subject to a one-year prescriptive period. La. Civ. Code art. 3492. There are no facts alleged in the complaint that would prevent the invasion of privacy tort claim, based on a 2001 event, from being prescribed by the time Plaintiff filed this civil action in 2005.

**ERISA**

Plaintiff states in his opposition that he seeks to amend his original complaint to include an ERISA claim based on his employer's alleged failure to contribute to his employee retirement account. Plaintiff has not sought leave for such an amendment, and no such claim has been pleaded, so his ERISA contention need not be addressed.

**Wrongful Discharge; Due Process**

Plaintiff states in his complaint that he seeks judicial review of "wrongful termination discharge on September 17, 2001" and based on the City's failure to interview Plaintiff for other job bids. Plaintiff does not identify the date of any of the other events except a May 14, 2005 hiring of Dawn Friday, a white applicant, for a mechanical inspector job. Plaintiff explains in his amended complaint that this claim is for violation of the Due Process Clause because of the lack of proper hearings related to the termination. A violation of the Due Process Clause may be actionable under 42 U.S.C. § 1983, but Louisiana's one year statute of limitations applies to the claim. Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989). Any due process claims based on the September 2001 termination have prescribed and should be dismissed. There is not adequate information available to determine the timeliness or merit of any other due process claims.

**Joe Lunt and Ross Montibano (sic)**

The complaint names as defendants the City of Shreveport and Mike Stayner, who have appeared in the case. It also names as defendants Joe Lunt and Ross Montibano (actually spelled Montelbano). Plaintiff's complaint remained pending more than 120 days without proof of service on any defendant, so the clerk of court issued to Plaintiff a notice of intent to dismiss for failure to comply with Fed. R. Civ. P. 4(m) and Local Rule 41.3W. The City, soon afterward, filed a motion for extension of time to respond to the complaint. The court granted the extension and wrote on the order, "Plaintiff is reminded that failure to serve the other Defendants may result in their dismissal." Doc. 5. The City (but not the other defendants) later filed an answer. Doc. 11. The City and Mike Stayner (but not the other defendants) then joined in the pending exception/motion. Doc. 12. Stayner has not filed an answer, but his joining in the motion perhaps indicates that he has been served and will file an answer after the exception/motion is resolved.

While Stayner's status may be unclear from the record, Defendants Joe Lunt and Ross Montelbano have made no appearance in the case and, despite the clerk of court's notice of intent to dismiss and the court's warning, Plaintiff has not filed evidence of service on either of those defendants. It has been six months since the complaint was filed, and Plaintiff has not suggested any reason other than his own fault that these defendants have not been served. All claims against them should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

**Other Claims**

Plaintiff also complains of retaliation in response to his filing of a workers' compensation claim and an EEOC charge of discrimination, discrimination based on race, gender and handicap, discrimination and retaliation based on union activities and perhaps other claims. The claims discussed above were capable of resolution based on the complaint and other submissions by the parties, but the remaining claims are inadequately fleshed out in the complaint or motion to permit their resolution at this stage of the litigation. The court could order Plaintiff to amend his complaint and state additional facts in support of those claims but, as explained above, that is more likely to result in greater rather than less confusion. The parties should go forward with discovery and additional motion practice to flesh out and explore the factual and legal basis for the claims.

**Conclusion**

After Judge Stagg acts on this recommendation, the court will set a scheduling conference at which Plaintiff and counsel for the defendants will personally appear. The conference will be for the purpose of discussing a schedule for discovery, motion practice and other appropriate deadlines.

Accordingly,

**IT IS RECOMMENDED** that the **Exception for Vagueness, Ambiguity, Lack of Subject Matter Jurisdiction, Res Judicata and Prescription (Doc. 12)** be treated as a motion for summary judgment and **granted in part** by dismissing for lack of jurisdiction Plaintiff's claims for workers' compensation benefits, dismissing for lack of jurisdiction

Plaintiff's claims for LHWCA benefits, dismissing all of Plaintiff's claims for damages or benefits under maritime law based on his alleged status as a seaman, dismissing any due process claim based on the September 2001 termination, dismissing all claims based on HIPAA or tort (invasion of privacy) arising from the alleged disclosure of medical records, and dismissing without prejudice pursuant to F.R.C.P. 4(m) all claims against Joe Lunt and Ross Montelbano.

**IT IS FURTHER RECOMMENDED** that the exception/motion be **denied in all other respects**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 15th day of May, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE