UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JACKSON C. JONES            CIVIL ACTION NO. 05-1632-P

versus            JUDGE STAGG

MIKE STAYNER, ET AL.            MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Past Proceedings**

Jackson Jones ("Plaintiff") filed this pro se civil action against the City of Shreveport and three city officials. He asserts claims for various benefits related to an injury he allegedly suffered in 2001 while employed by the City. The undersigned issued a Report and Recommendation (Doc. 23) that addressed a Motion to Dismiss filed by the City and Mike Stayner. The court reviewed Plaintiff's original complaint and recommended dismissal of Plaintiff's claims for worker's compensation benefits, LHWCA benefits, maritime law or seaman remedies, due process claim based on a September 2001 termination, or based on HIPAA or tort (invasion of privacy) arising from the alleged disclosure of medical records. It was also recommended that all claims against Joe Lunt and Ross Montelbano be dismissed for lack of timely service. Judge Stagg entered an order (Doc. 28) consistent with the Report and Recommendation, and he later denied a Motion for Reconsideration. See Doc. 33.

**New Motions Filed**

Plaintiff's objection to the Report and Recommendation included a "Request Court Motion to Amend Original Petition," so the clerk docketed the filing as an objection and as

a Motion to Amend Complaint. Doc. 26. The City filed a combination Opposition to the Motion to Amend/Second Motion to Dismiss (Doc. 29). All parties could avoid substantial confusion in the docketing process by not filing such combination documents. Each submission should stand alone as a motion, objection, or the like.

The City urges that the claims asserted in both the original and proposed amended pleadings are time barred because most are based on occurrences that Plaintiff alleges happened several years ago. Plaintiff filed an opposition (Doc. 36) that appears to have been prepared with the assistance of an attorney or someone with an understanding of what is and is not a potentially meritorious claim. The opposition does not attempt to defend the obviously untimely claims or some of the more far-fetched legal theories mentioned in the pleadings. Rather, the submission points to an allegation in the complaint that the City failed to hire Plaintiff as a mechanical inspector for a position that was filled in July or August of 2005. That, and possibly other claims, are not susceptible of being judged untimely based on nothing more than the complaint, which is all the court has before it at this time and which must be accepted as true for purposes of Rule 12(b)(6).

**Plaintiff's Motion to Amend**

Plaintiff's Motion to Amend (Doc. 26) is filled with allegations of obviously futile claims arising from events that occurred at work in 2001, a traffic stop that took place in about 1993, and an alleged failure to hire incident from 1994. The pleading is filled with string citations of statutes such as the Voting Rights Act and provisions of the Louisiana

Code of Evidence that do not state a claim under the facts alleged and serve only to clutter the record. The proposed pleading may include some actionable claim somewhere, but the vast majority of the document is futile. Leave to amend should be denied despite the ordinarily liberal granting of leave. See <u>Stripling v. Jordan Production Co.</u>, 234 F.3d 863, 873 (5th Cir. 2000) (motion to amend may be denied if it is futile, meaning it would fail to state a claim upon which relief could be granted). The proposed pleading is also largely repetitive of the claims dismissed by Judge Stagg.

**Plaintiff's Other Motion to Amend; Class Action**

Plaintiff also filed a later Motion to Amend (Doc. 34) that was stricken (Doc. 37) for failure to provide a certificate of service or a proposed order and for failure to set forth the proposed amendment on a separate document. The motion is deficient in that regard and was properly stricken. The motion should, in addition, be denied now to avoid any waste of time in attempting to rehabilitate the stricken motion and resubmit it.

Plaintiff seeks, in the submission, to commence a class action lawsuit on behalf of himself and several hundred black employees whom he alleges have been subjected to discrimination since 1991 based on race, gender, age and other grounds. The submission also invokes claims ranging from redhibition ($60 Billion in damages sought) to Ohio labor laws to criminal prohibitions against identity theft. The proposed amendment to set forth a class action should be denied as futile. The court has wide discretion deciding whether or not to certify a proposed class under Rule 23, and one of the considerations is whether the named

plaintiff can serve as an adequate representative for the unnamed plaintiffs. Plaintiff is proceeding pro se, and his submissions fall short of what the court considers adequate representation of a proposed class. See McGrew v. Texas Bd. of Pardons, 47 F.3d 158, 162 (5th Cir. 1995) (inmate whose complaint failed to state a cause of action was likely not an adequate class representative).

**City's Motion to Dismiss**

It is recommended that the City's Motion to Dismiss (Doc. 29) be denied. A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 78 S.Ct. 99, 101-02 (1957). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. Lowrey v. Texas A&M Univ. System, 117 F.3d 242, 247 (5th Cir. 1997). Defenses are not usually the proper subject of a Rule 12(b)(6) motion, but a statute of limitations defense may properly be asserted if it appears on the face of the complaint. Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773, 776 n. 3 (5th Cir. 1997) As noted above, Plaintiff has pointed to at least one potentially timely claim that cannot be resolved on the face of the pleadings.

As for other possible claims, the court is not obligated to sift through every word of a largely frivolous complaint and determine whether each phrase does or does not survive Rule 12(b)(6) scrutiny. The court has discretion to deny the motion and permit resolution of

the case by summary judgment or trial. The court has already addressed at length the more obvious claims presented in the complaint and dismissed most of Plaintiff's asserted claims. The City should address the potentially timely claim and any other claims in the original complaint that survived the previous dismissal order by filing a motion for summary judgment or awaiting trial. Additional motions to dismiss will not be sufficient.

Accordingly,

**IT IS RECOMMENDED** that **Plaintiff's Motion to Amend (Doc. 26)** be **denied,** that **Plaintiff's Motion to Amend (Doc. 34)** be **denied,** and that the City's **Motion to Dismiss (Doc. 29)** be **denied.**

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 26th day of September, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE