U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUL 24 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

JACKSON C. JONES

versus

MIKE C. STAYNER, ET AL.

CIVIL ACTION NO. 05-1632
JUDGE TOM STAGG

---

## MEMORANDUM RULING*

Before the court is a motion for summary judgment filed by the sole remaining defendant, the City of Shreveport ("the City"), seeking dismissal of all of the remaining claims of pro se plaintiff, Jackson C. Jones ("Jones"). See Record Document 40. For the reasons set forth below, the defendant's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

Jones filed this pro se civil action against the City and three city officials, asserting claims for various benefits related to an injury he allegedly suffered in 2001 while employed by the City. He also asserted a number of employment discrimination

---

*This opinion is not intended for commercial print or electronic publication.

claims. Magistrate Judge Mark L. Hornsby issued a report and recommendation that addressed a Motion to Dismiss filed by the City and defendant Mike Stayner. In that report and recommendation, the court reviewed Jones's original complaint and recommended dismissal of the claims for workers' compensation benefits, Longshore Harbor and Workers' Compensation Act ("LHWCA") benefits, maritime law or seaman remedies, a due process claim based on a September 2001 termination, and a claim based on the Health Insurance Portability and Accountability Act ("HIPAA") or tort (invasion of privacy) arising from the alleged disclosure of medical records. It was also recommended that all claims against Joe Lunt and Ross Montelbano be dismissed for lack of timely service. This court entered an order adopting the report and recommendation and later denied a motion for reconsideration. See Record Documents 28 and 33.

Jones's objection to the report and recommendation included a "Request Court [sic] Motion To Amend Original Petition" which was docketed by the clerk of court as a dual filing including both an objection and a motion to amend the complaint. See Record Document 26. The City then filed a combination filing, containing an opposition to the motion to amend and a second motion to dismiss. See Record Document 29. The magistrate addressed these filings in a second report and

recommendation later adopted by this court, wherein Jones's motions to amend[2] were denied and the City's motion to dismiss was also denied. See Record Documents 38 and 39.

As accurately noted by the magistrate judge in his reports and recommendations, Jones's pleadings are often difficult to decipher. With that in mind, it appears that Jones's principal remaining allegation is that the City failed to hire him as a mechanical inspector for a position that was filled in July or August of 2005.

## II. ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

---

[2] Jones filed a later motion to amend that was stricken from the record for failure to provide a certificate of service or a proposed order and for failure to set forth the proposed amendment on a separate document. See Record Documents 34 and 37.

3

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004) (citations and quotations omitted). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co. Inc., 402 F.3d 536, 540 (5th Cir. 2005). "[T]he nonmovant cannot satisfy [his] burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Freeman v. Tex. Dep't of Criminal Justice, 369 F.3d 854, 860 (5th Cir. 2004).

**B.     Jones's Meritless Claims.**

In response to the defendant's motion for summary judgment, Jones filed both an opposition and, subsequently (with leave of court), an affidavit in opposition. Within these two filings, many of the claims previously addressed and disposed of by this court in the reports and recommendations were again inexplicably raised by Jones. Although it is unnecessary to again examine these claims, each of his repeated arguments is briefly analyzed below. Additionally, other random, meritless arguments

4

are addressed. Thereafter, the two claims with potential merit are examined.

To begin, Jones refers to a wrongful termination and/or unlawful discrimination that allegedly occurred in September of 2001. This court previously dismissed any claims in relation to this date as time-barred in the order adopting the report and recommendation dated June 27, 2006. See Record Document 28.

Next, Jones boldly asserts that the defendants have exposed him to "[f]raud, [f]raudulent practices, fraud concealment and [m]isrepresentation of the facts which prevents equitable tolling statues [sic] of limitations does [sic] not run on employment law claims." Record Document 43 at 3. The record is wholly devoid of any fact or supporting evidence regarding this baseless assertion, and there is nothing in the record to indicate that equitable tolling should apply.

Jones then complains that the affidavit of Ross Montelbano proffered by the defendant is not in appropriate form. Federal Rule of Civil Procedure 56(e) requires statements in affidavits to be based on personal knowledge and not based on information and belief. See Richardson v. Oldham, 12 F.3d 1373, 1378 (5th Cir. 1994) (instructing that statements "based on information and belief . . . [are] struck as not based on personal knowledge and therefore fail[] the requirements of Fed.R.Civ.P. 56(e)."). The affidavit about which Jones complains is based on "personal knowledge" and thus meets the requirements of Rule 56. Jones continues

5

his complaints about the affidavit, contending that the defendant's motion for summary judgment should be "denied completely due to Montelbano Affidavit alone [sic] impugns the eyes of the courts and impugns the plaintiff [sic] character rights to a fair trial or the plaintiff [sic] rights to a speedy trial." Record Document 43 at 4. These futile attempts to attack the affidavit as, <u>inter alia</u>, "defective or defect of form and defect of substance," Record Document 43 at 5, are insufficient to discredit the affidavit and are certainly incapable of carrying Jones's ultimate burden of defeating the City's motion for summary judgment.

Jones next refers this court to a decision rendered by an Administrative Law Judge ("ALJ"), contending that "the Honorable Judge Larry Price decision [sic] should apply for tolling provision for wrongful termination September, 2001." Record Document 43 at 3. The ALJ issued a decision that reasoned there were issues concerning possible tolling of the prescriptive period with regard to Jones's claim under the LHWCA, but concluded that dismissal was warranted for failure to satisfy the status and situs tests. "[F]ederal trial courts lack original subject-matter jurisdiction to resolve claims under the LHWCA." <u>Voight v. R.L. Eldridge Constr., Inc.</u>, 422 F.Supp.2d 742, 747-48 (E.D. Tex. 2006). Jones's attempt to relitigate his unsuccessful claim in this court again, as previously stated by the magistrate in his report and recommendation addressing this claim, faces a number of obstacles, but a

6

lack of subject matter jurisdiction remains sufficient to justify dismissal. Furthermore, as mentioned supra, there is nothing in the record to indicate that equitable tolling is warranted, and the passing reference of an ALJ to the effect that there were issues concerning "possible" tolling of the prescriptive period is not sufficient to revive these claims.

Jones also references an accident that allegedly occurred in June of 2001 when he was employed by the City as a mechanical inspector. However, as previously determined by the magistrate judge, the Office of Workers' Compensation has original, exclusive jurisdiction over all claims for workers' compensation. See La. R.S. 23:1310.3(E). Because of this, Jones's claim for workers' compensation benefits was previously and properly dismissed by this court in the order adopting the report and recommendation issued on June 27, 2006, and will not be addressed again. See Record Document 28.

Finally, Jones asserts that he can provide the court "dates, time and names of other gainful employers whom [sic] would have hired Jones with there [sic] companies and Jones was denied employment with the new employer due to the defendants[] 'negative background Reports Reference,' libel and slander claims, intentional tort action reasons as follows." Record Document 43 at 4. However, the summary judgment evidence indicates the contrary. Although Jones did attach applications to

and letters from other potential employers, none of these attachments demonstrate that there were any negative statements made about Jones by the City which influenced the hiring decisions. His assertions simply are not supported by any competent summary judgment evidence.

C.     **Race Discrimination.**

One of the only two claims deserving of a true legal analysis is Jones's allegation that the City discriminated against him when it failed to hire him for a mechanical inspector position that was filled in either July or August of 2005. Title VII provides that "[i]t shall be an unlawful employment practice for an employer--(1) to fail or refuse to hire or to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may prove employment discrimination through direct or circumstantial evidence. See Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003). As there is no direct evidence of discrimination in this case, Jones's claims are evaluated using the clear evidentiary framework set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). Under this analysis, if Jones establishes a prima facie case of discrimination, the burden shifts to the City to articulate a legitimate, non-discriminatory reason for failing to hire him. See id. at 802-03, 93 S. Ct. at 1825. If the City meets its burden, Jones then bears the

ultimate burden of proving that the City's proffered reason is not true but instead is a pretext for the real discriminatory purpose. See id. To carry this burden, Jones must rebut each nondiscriminatory reason articulated by the City. See Laxton, 333 at 578 (citation omitted). Jones can establish pretext by "showing that [the City's] proffered explanation is false or 'unworthy of credence.'" Id. (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143, 120 S. Ct. 2097 (2000)). At the summary judgment stage, the question is not whether Jones has proven pretext, but rather whether he has raised a genuine issue of fact with respect to pretext. See Hall v. Gillman Inc., 81 F.3d 35, 37 (5th Cir. 1996).

This court will assume, without deciding, that a prima facie case exists and will, therefore, proceed to the next step of the McDonnell Douglas analysis. Thus, the burden of production is shifted to the City to proffer a legitimate, non-discriminatory reason for the challenged employment action.

The City has satisfied its burden of producing a legitimate, non-discriminatory reason for selecting another for the available position and rejecting Jones. Its burden in this regard "is one of production, not persuasion . . . [and] can involve no credibility assessment." Russell v. McKinney Hosp. Venture, 235 F.3d 219, 222 (5th Cir. 2000) (citation omitted). In support of its motion for summary judgment, the City produced the affidavit of Ross Montelbano, the Chief Building Official for the City.

See Record Document 40, Ex. 1. In that affidavit, Montelbano plainly states that he has "personal knowledge that Don Friday was hired based upon his qualifications for the City's opening and for no illicit or immoral purpose." Id. Although the affidavit is sparse and could have provided more detail, it nonetheless provides a legitimate, non-discriminatory reason for selecting Friday over Jones which Jones has failed to rebut by demonstrating pretext. Jones has put forth absolutely no evidence to demonstrate that the City's reason was false or was a pretext for discrimination. In order to survive summary judgment, Jones must demonstrate that the City acted with discriminatory intent. See Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1091 (1995). This he has not done. Title VII does not protect an employee against unfair employment decisions. Instead, it protects against employment decisions based upon discriminatory animus. See Nieto v. L & H Packing Co., 108 F.3d 621, 624 (5th Cir. 1997). The City can make an incorrect employment decision, and if that decision is based upon a good faith belief with no discriminatory influences, as has happened here with the decision to hire Friday instead of Jones, then the court will not question the validity of the reasons. See Mayberry, 55 F.3d at 1091. Jones has provided no evidence that the decision to hire Friday instead of him was motivated by race. Accordingly, his claim for race discrimination fails.

## D. Retaliation.

The final potential claim that Jones may have is that the City retaliated against him in response to his filing of a worker's compensation claim and an EEOC charge of discrimination in violation of Title VII, which makes it "an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter. . . ." 42 U.S.C. § 2000e-3(a).[3] Jones may prove a retaliation claim through direct or circumstantial evidence. See Fabela v. Socorra Indep. Sch. Dist., 329 F.3d 409, 414 (5th Cir. 2003). However, as Jones does not have any direct evidence of retaliation, he must again establish his cause of action using circumstantial evidence and the McDonnell Douglas burden-shifting framework. See id. at 415.

To succeed on this claim, Jones must show that (1) he engaged in activity protected by Title VII; (2) an adverse employment action[4] occurred; and (3) a causal

---

[3]Although Jones never explicitly uses any form of the word "retaliate" in his opposition to the defendant's motion for summary judgment or in his affidavit, the court will analyze this claim in an abundance of caution.

[4]The Supreme Court recently issued an opinion altering the standard for an adverse employment action. See Burlington N. & Santa Fe Ry. Co. v. White, --- U.S. ---, ---, 126 S. Ct. 2405, 2414-15 (2006). The Court held that Title VII's anti-retaliation provision is not limited to "ultimate employment decisions," but that an act of retaliation is actionable if "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at ---, 126 S. Ct. at 2415. However, this change in the law

link existed between the protected activity and the adverse employment action. See Raggs v. Miss. Power & Light Co., 278 F.3d 463, 471 (5th Cir. 2002). If Jones establishes a prima facie case, then the City must show a non-retaliatory reason for the adverse action. If the City meets this burden, Jones must in turn offer evidence to create a genuine issue of material fact that the City's reason is not true, but is instead a pretext for discrimination. "The ultimate determination is whether, 'but for' the protected conduct, the employer would not have engaged in the adverse employment action." Douglas v. DynMcDermott Petroleum Operations Co., 144 F.3d 364, 372 (5th Cir. 1998) (citations omitted).

Assuming again without deciding that Jones could establish a prima facie case of retaliation under the McDonnell Douglas framework, he once again failed to rebut the legitimate, non-retaliatory reason offered by the City for the failure to hire him that was discussed earlier. In any event, Jones has failed to offer any evidence that the failure to hire him would not have occurred but for any protected activity.

---

does not impact this court's analysis of Jones's retaliation claim.

## III. CONCLUSION

For the reasons set forth above, the City of Shreveport's motion for summary judgment is **GRANTED**. All of Jones's claims against the City are **DISMISSED WITH PREJUDICE.**

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana, this 24th day of July, 2007.

JUDGE TOM STAGG